## Case No. 16,608.

### UNITED STATES v. VANRANST.

[3 Wash. C. C. 146.] ¹

Circuit Court, D. Pennsylvania.    April Term, 1812.

CRIMINAL LAW—CASTING AWAY OF VESSEL—CIRCUMSTANTIAL EVIDENCE.

1. Indictment against the defendant, as mate of the Lucy, he not being owner, for casting away and destroying the vessel, on the high seas, the Lucy being the property of Augustus Masol, a citizen of the United States.

2. In any case, more particularly in one which is capital, the circumstances relied upon, to establish the guilt of the accused. ought to be strong, so as to leave no doubt of the fact; and they should be consistent with themselves, each circumstance tending to establish the guilt of the accused.

3. What amounts to a casting away, was decided in the case of U. S. v. Johns [Case No. 15,481], in this court.

4. This case is within the provisions of the first section of the act of congress passed March 26, 1804 [2 Stat. 290].

Indictment against the prisoner, as mate of the Lucy, he not being owner, for casting away and destroying that vessel on the high seas, the said vessel being the property of Aug. Masol, a citizen of the United States. The evidence, though circumstantial, was very strong against the defendant; and it also appeared, from the testimony, that the plan for destroying the vessel, was laid before she sailed, by the owner himself. There was every reason to believe, that the cargo, belonging to the owner, was nothing more than billets of wood and straw, packed in about thirty boxes and trunks. It appeared, by the evidence, though not in the indictment, that the vessel and cargo were insured, and that there was a part of the cargo shipped by some person in Boston on freight, consisting of furniture. At the time the captain, mate, and crew, were taken from the Lucy by a vessel which met them at sea, the Lucy was filling rapidly, and was entirely water-logged, but she had not gone down when she was last seen. It was contended—(1) That the evidence of the defendant's guilt was merely circumstantial, and by no means strong enough to warrant his conviction. (2) That the evidence of the destruction of the vessel was insufficient, as she might afterwards have been picked up at sea and saved. (3) That the case is not within the act of congress, since the vessel was destroyed by the orders of the owner, who could not himself have committed an offence by destroying his own vessel, unless in a case coming under the second section; and of course, a person doing

the same thing under his orders, could not be in a different situation. A man burning his own house, is not guilty of arson. 2 East, P. C. 1024.

WASHINGTON, Circuit Justice (charging jury). In any case. more particularly in one that is capital, the circumstances relied upon to establish the guilt of the accused, ought to be strong, so as to leave no doubt of the fact; and they should be consistent with themselves, each circumstance tending to establish the guilt of the party. It is for the jury to say, whether the circumstances in this case, have satisfied them that the prisoner was concerned in boring a hole into the bottom of this vessel, or in letting in the. water, so as to render it necessary to abandon her.

2. As to what amounts to a casting away, within the meaning of the law, the point was decided by this court, after great deliberation, in the case of U. S. v. Johns [Case No. 15,-481]. The present appears to be a strong case, within the definition of the terms as given in that case. The Lucy was left on the high seas completely water-logged, beyond the power of the vessel, into which the captain and crew were taken, to save her; without any other vessel in sight, and filling with such rapidity, as to render her loss almost certain, and the chance of her being saved by ordinary means, altogether hopeless. Besides which, she has never been heard of, so far as the evidence in this cause has gone, since the time when she was abandoned; now more than nine months.

3. As to this point, the court is of opinion, that the case of the defendant is within the first section of the law, if, in point of fact, he was concerned in the destruction of this vessel. The defendant is a person, not an owner, who (if he committed. the act) wilfully cast away a vessel unto which he belonged, being the property of a citizen of the United States. But did he do it corruptly? If no person but the owner was interested in the property, it was not; because the owner might destroy his own property himself, or cause it to be done, without committing an offence against this, or any other law. But in this case, there were insurers on vessel and cargo, and a cargo on board, belonging in part to other persons than the owner. It was corruptly done as to those persons. Had the owner, in this case, done it, he would have been guilty under the second section; only, that in that case, the indictment must have stated that it was done to the prejudice of the underwriter on the vessel, or of a merchant that had loaded goods in the vessel. But this is not necessary under the first section, if it come out in the evidence.

The jury found a verdict of not guilty.

---

¹ [Originally published from the MS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]